# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY KENNEDY,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br>　　　　　　　　　Defendant. | CASE NO. 13cv1632-WQH-KSC<br><br>ORDER |

HAYES, Judge:

　　The matter before the Court is the review of the Report and Recommendation (ECF No. 28) issued by United States Magistrate Judge Karen S. Crawford, recommending that Plaintiff's Motion for Summary Judgment (ECF No. 16) be denied and Defendant's Cross-Motion for Summary Judgment (ECF No. 23) be granted.

## BACKGROUND

　　On June 16, 2010, Plaintiff filed applications for a period of disability, disability insurance benefits and supplemental security income, alleging disability beginning on November 1, 2008. The applications were denied both initially and on reconsideration.

　　On April 9, 2012, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). The ALJ heard testimony from, *inter alia*, a vocational expert ("vocational expert" or "VE"). (Admin. R. at 58-70, ECF No. 10-2).

　　On April 17, 2012, the ALJ issued a written decision denying Plaintiff's applications for benefits and finding Plaintiff not disabled under the Social Security

1  Act. *Id.* at 10-18. After the Appeals Council denied Plaintiff's request for review, the
2  ALJ's decision became the final decision of Defendant.

3       On July 12, 2013, Plaintiff filed a Complaint in this Court seeking judicial review
4  of the Defendant's decision. (ECF No. 1).

5       On December 16, 2013, Plaintiff filed the Motion for Summary Judgment. (ECF
6  No. 16). Plaintiff contends that the ALJ failed to carry the Defendant's burden at step
7  five of the sequential process for determining whether a person is disabled within the
8  meaning of the Social Security Act. *See* 20 C.F.R. § 404.1520. Plaintiff contends that
9  the ALJ erred by (1) failing to include all of Plaintiff's limitations in the ALJ's
10 hypothetical to the vocational expert; (2) failing to apply a sedentary base grid to
11 Plaintiff given the significant erosion to the light vocational base; and (3) relying on
12 vocational expert testimony that is inconsistent with other jobs data in sources
13 administratively noticed by Defendant's regulations.

14      On March 26, 2014, Defendant filed the Cross-Motion for Summary Judgment.
15 (ECF No. 23). Defendant contends that the ALJ properly relied upon the vocational
16 expert's testimony in deciding at step five that there are jobs that exist in significant
17 numbers in the national economy that Plaintiff can perform.

18      On June 26, 2014, the Magistrate Judge issued the Report and Recommendation.
19 (ECF No. 28). The Magistrate Judge found that the ALJ sufficiently carried
20 Defendant's burden at step five. The Magistrate Judge analyzed each of Plaintiff's
21 contentions and recommended that this Court find that the ALJ's decision is supported
22 by substantial evidence and is free from legal error.

23      On July 10, 2014, Plaintiff filed Objections to the Report and Recommendation.
24 (ECF No. 29). Plaintiff concedes that the Report and Recommendation correctly found
25 that any error in the ALJ's hypothetical to the vocational expert was harmless. *Id.* at
26 2. Plaintiff contends that the Report and Recommendation erred in rejecting Plaintiff's
27 contentions regarding the erosion of the light vocational base and the vocational
28 expert's testimony as to job numbers. *Id.* at 2-8.

## STANDARD OF REVIEW

*District Court Review of a Report and Recommendation*

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b).  The district court must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b).

*Review of Denial of a Disability Claim*

When an applicant's claim for disability benefits under the Social Security Act has been denied, she may seek judicial review of the Commissioner's decision. *See* 42 U.S.C. § 405(g).  Where, as in this case, "the Appeals Council denies a request for review of an ALJ's decision, the decision of the ALJ represents the final decision of the Commissioner." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 n.1 (9th Cir. 2004) (citing 20 C.F.R. § 404.981).  A reviewing court will reverse the ALJ's decision only if "it is based upon legal error or is not supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is "more than a mere scintilla but less than a preponderance." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citation omitted).  "If the record would support more than one rational interpretation, we defer to the ALJ's decision." *Bayliss*, 427 F.3d at 1214 n.1 (citation omitted).

## DISCUSSION

Plaintiff first objects that the "ALJ failed to properly apply the sedentary grid table ... which warrants ... a finding of disability." (ECF No. 29 at 5).  It is undisputed that the residual functional capacity found by the ALJ falls between two grid tables—light and sedentary—and the light table directs a finding of no disability and

the sedentary table directs a finding of disability.[1] *See id.* at 2; *see also* Admin. R. at 66. When a claimant's residual functional capacity falls "outside the exact criteria used" in the grids, an ALJ is "barr[ed] ... from relying on [the grids] alone and [is] requir[ed] [to elicit] the testimony of a vocational expert." *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006); *see also Moore v. Apfel*, 216 F.3d 864, 870 (9th Cir. 2000) ("SSR 83-12 directs that when a claimant falls between two grids, consultation with a VE is appropriate."); *Tackett*, 180 F.3d at 1103-04 (same). Consistent with this rule, the ALJ obtained testimony from a vocational expert who considered Plaintiff's residual functional capacity and testified that Plaintiff fell within a "restricted light exertion range," and identified three specific occupations that Plaintiff could perform. *See* Admin. R. at 63-64, 68, ECF No. 10-2. In his decision, the ALJ listed the occupations and stated that "[a]ll of the numbers of these jobs reflect a reduction to the claimant's occupational base for unskilled light work due to the nonexertional limits identified in the residual functional capacity." *Id.* at 17. The ALJ's finding in this regard is supported by substantial evidence and is free from legal error. *See Moore*, 216 F.3d at 870-71.

Plaintiff also objects that the vocational expert's testimony regarding the number of jobs that exist locally and nationally is contradicted by data found in the County Business Patterns and other sources. Plaintiff contends that "[w]here there is a conflict in the administratively noticed data, the ALJ has a duty under Social Security Ruling 00-4p to inquire as to that conflict." (ECF No. 29 at 6). Social Security Ruling 00-4p provides that "[w]hen vocational evidence provided by a VE ... is not consistent with information in the DOT [i.e., Dictionary of Occupational Titles], the adjudicator must

---

[1] The Medical-Vocational Guidelines, known as "the grids," present in table form a shorthand method for determining the availability and number of suitable jobs for a claimant. *See Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). The grids categorize jobs by three physical exertional levels, consisting of sedentary, light, and medium work. *See id.* These exertional levels are further divided by the claimant's age, education, and work experience. *See id.* The grids direct a finding of disabled or not disabled based on the number of jobs in the national economy in the appropriate exertional category. *See id.* A claimant must be able to perform the full range of jobs in an exertional category for the grids to apply. *See id.* at 1101-02.

1  resolve this conflict before relying on the VE ... evidence to support a determination or decision that the individual is or is not disabled." SSR 00-4p, 2000 WL 1898704. Social Security Ruling 00-4p requires the ALJ to "determine whether a conflict exists" between the vocational expert's testimony and the DOT, and "[i]f it does, the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the Dictionary of Occupational Titles." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007).

In this case, the vocational expert testified to a specific "representative DOT" classification for each of the three jobs he identified. Admin. R. at 63-64, ECF No. 10-2. Because the vocational expert testified that the identified jobs were consistent with the DOT, Social Security Ruling 00-4p did not impose a duty upon the ALJ to seek any further explanation from the vocational expert regarding the identified jobs. Plaintiff has pointed to no authority indicating that an ALJ is required to inquire whether a vocational expert's testimony regarding job numbers is consistent with the County Business Patterns or any source other than the DOT.[2] "An ALJ may take administrative notice of any reliable job information, including information provided by a VE. A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (citation omitted). The ALJ's job numbers finding is supported by substantial evidence and is free from legal error.

After reviewing de novo those portions of the Report and Recommendation to which Plaintiff objected, and after reviewing the ALJ's decision and the Administrative Record, the Court finds that the Magistrate Judge correctly evaluated the facts and correctly applied the controlling law in this case. The Court concludes that the ALJ's decision is supported by substantial evidence and is free from legal error.

---

[2] The Court "notes that," at the hearing before the ALJ and in the proceedings before the Appeals Council, Plaintiff—who was represented by counsel—"did not challenge the VE's testimony regarding the number of jobs available to him in California." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 527 (9th Cir. 2014).

CONCLUSION

IT IS HEREBY ORDERED that: (1) the Report and Recommendation (ECF No. 28) is ADOPTED in its entirety; (2) Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED; and (3) Defendant's Cross-Motion for Summary Judgment (ECF No. 23) is GRANTED. The Clerk of the Court shall enter judgment for Defendant and against Plaintiff.

DATED: July 22, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge